# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STANLEY E. JOHNSON, ) | |
| ) | |
|     Petitioner/Defendant, ) | |
| ) | CIVIL NO. 05-cv-667-DRH |
| vs. ) | |
| ) | CRIMINAL NO. 02-cr-30117 |
| UNITED STATES of AMERICA , ) | |
| ) | |
|     Respondent/Plaintiff. ) | |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

This matter is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. This motion was filed by Petitioner, *pro se*, and the Government has not filed written responses to this motion. For the reasons set forth below, the motion is denied.

Pursuant to a plea agreement, Petitioner pleaded guilty to two counts involving possession of firearms, and one count of distribution of crack cocaine.[1] On July 18, 2003, he was sentenced an aggregate term of 235 months imprisonment, five years supervised release, a special assessment of $300, and a fine of $1,500. In this § 2255 motion, he now argues that his sentence is invalidated by *Blakely v. Washington*, 124 S.Ct. 2531 (2004), and *United States v. Booker*, 125 S.Ct. 738 (2005).

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
>     (1) the date on which the judgment of conviction becomes final;
>
>     (2) the date on which the impediment to making a motion created by

---

[1] The Court also notes that as part of his plea agreement (Doc. 24, criminal case), Petitioner waived his right to a direct appeal or a collateral attack upon his sentence.

> governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

"[F]or federal criminal defendants who do not file a petition for certiorari with [the Supreme] Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires." *Clay v. United States*, 537 U.S. 522, 525 (2003). *See also Griffith v. Kentucky*, 479 U.S. 314, 321 n. 6 (1987) (a conviction is final when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied"). *See generally* Supreme Court Rule 13; FED.R.APP.P. 4(b)(1)(A). Petitioner did not file a direct appeal; therefore, for purposes of § 2255, his conviction became final on August 1, 2003, and he needed to file his § 2255 motion by August 1, 2004. However, Petitioner did not file the instant motion until September 19, 2005, over one year too late.

None of the exceptions to the statute of limitations can alter this finding. Petitioner's basis for this action is the rule "newly recognized" in *Blakely v. Washington*, 124 S.Ct. 2531 (2004), and *United States v. Booker*, 125 S.Ct. 738 (2005). However, the Seventh Circuit already has held that these rulings do not apply retroactively to convictions that were final prior to the *Booker* decision. *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005).

Therefore, this § 2255 motion is barred by the statute of limitations, and also because

Petitioner waived his right to file any such challenge to his sentence.  Accordingly, the motion is **DENIED**, and this action is **DISMISSED** with prejudice.

    **IT IS SO ORDERED.**

    **DATED:   November 30, 2005.**

                                            /s/   David RHerndon
                                              **DISTRICT JUDGE**