# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **STANLEY E. JOHNSON,** ) | |
| ) | |
| **Petitioner/Defendant,** ) | |
| ) | **CIVIL NO. 05-cv-667-DRH** |
| **vs.** ) | |
| ) | **CRIMINAL NO. 02-cr-30117** |
| **UNITED STATES of AMERICA ,** ) | |
| ) | |
| **Respondent/Plaintiff.** ) | |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

The Court denied Petitioner's motion under § 2255, finding that the motion was time-barred; the Court also noted that Petitioner waived his right to challenge his sentence on appeal or in a post-conviction collateral challenge (*see* Doc. 3). The Court later denied Petitioner's request for issuance of a certificate of appealability, finding that he had not made a substantial showing of the denial of a constitutional right (Doc. 8), and also denied his request for leave to proceed *in forma pauperis* on appeal (Doc. 14). The Seventh Circuit followed suit, denying his requests for a certificate of appealability and for leave to proceed *in forma pauperis* on appeal (Doc. 16).

Now before the Court is Petitioner's motion to void judgment, filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure (Doc. 17). In this motion, Petitioner simply reiterates the grounds presented in his original motion (Doc. 1), even though the Court found that the motion was time-barred and that Petitioner had waived his right to file such a challenge to his conviction.[1]

---

[1] If the instant motion contained new grounds for relief, it would still be denied. Generally, a post-judgment motion that advances a new theory of relief after a § 2255 petition has been resolved constitutes

Therefore, the instant motion is without merit, and it is summarily **DENIED**.

    **IT IS SO ORDERED.**

    **DATED:   March 21, 2007.**

                                           /s/   David   RHerndon
                                               **DISTRICT JUDGE**

---

a successive petition subject to the certification requirement of § 2255.  *Johnson v. United States*, 196 F.3d 802, 805 (7th Cir. 1999); *Burris v. Parke*, 130 F.3d 782, 783 (7th Cir. 1997).  In order for this Court to consider a successive petition, the Seventh Circuit Court of Appeals must certify the successive petition pursuant to 28 U.S.C. § 2255, ¶ 8.  *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996).  There is no such certification in this case.